**K. Kay SHEARIN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 92–117C.

United States Claims Court.

Aug. 19, 1992.

K. Kay Shearin, pro se.

Scott E. Ray, with whom were Asst. Atty. Gen. Stuart M. Gerson, David M. Cohen, and James M. Kinsella, Washington, D.C., for defendant.

## OPINION

BRUGGINK, Judge.

This case comes before the court on defendant's motion to dismiss for lack of jurisdiction the plaintiff's claim for attorney's fees authorized by the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A (1988). For the reasons discussed below, the action must be dismissed.

## FACTS

By five orders issued between October 1988 and April 1990, the United States Court of Appeals for the Third Circuit appointed plaintiff to represent four indigent criminal appellants before that court. Local court rules promulgated pursuant to § 3006A(h) required plaintiff to submit vouchers for fees and expenses derived from the representation within 45 days after the court's final decision. Plaintiff submitted her vouchers over a year after the time limit on the last case had expired, and those that she did submit were incomplete. Ultimately, the Third Circuit denied payment on four of the vouchers and authorized only partial payment of the fifth. Plaintiff thereafter filed this action, alleging a breach of contract.

## DISCUSSION

■ It is apparent that the only basis for plaintiff's claim is statutory rather than contractual. The source of any right the plaintiff has to payment derives from the CJA, not from an express contract between herself and the court. Section 3006A(d)(4) provides:

> Filing claims.—A separate claim for compensation and reimbursement shall be made to the district court for representation before the United States magistrate and the court, and to each appellate court before which the attorney provided representation to the person involved.... The court shall fix the compensation and reimbursement to be paid to the attorney....

Clearly, the "court" referred to is the court in which the representation occurs, not the Claims Court, which hears no criminal cases. It is well-settled that "where a statute creates a right and provides a special remedy, that remedy is exclusive." *United States v. Babcock*, 250 U.S. 328, 331, 39 S.Ct. 464, 465, 63 L.Ed. 1011 (1919). The remedial framework established by § 3006A is not subject to enlargement by this court or any other. By appointing counsel, the district court or court of appeals is not contracting for services. It is merely exercising its role under the statute. The circumstances alleged here therefore could not lead to the formation of a contract. *Cf. Shearin v. United States*, 25 Cl.Ct. 294, 296 n. 5 (1992).

■ Viewing the plaintiff's action as a claim under the Tucker Act grounded in the CJA does not add any vitality. It is clear from the language and the tenor of the CJA that Congress intended that the tribunal presiding over the case for which a court-appointed attorney seeks compensation should decide whether, and how much to pay in fees. By creating a specific remedy before the district court and the appellate court, Congress expressed an intention not to create a Tucker Act remedy. The CJA neither authorizes this court to award fees nor to review a denial of the award of fees. To hold otherwise would place this court in the anomalous position of reviewing decisions of the district courts and courts of appeal.

■ Finally, the Third Circuit denied four of the plaintiff's five motions to file fee applications out of time. The plaintiff submitted these applications well beyond the 45–day limit on filing claims found in the local rules. Such rules are specifically authorized by the CJA. *In re Derickson*, 640 F.2d 946, 948 (9th Cir.1981), 28 U.S.C. § 1491(a)(1) (1988), 18 U.S.C. § 3006A(h). Plaintiff's failure to comply with the relevant limitations period would thus bar her from relief. Transfer would thus be pointless.

## CONCLUSION

This court has no authority to adjudicate plaintiff's statutory claim, and as a matter of law, no contract was formed. Therefore, plaintiff's claim must be dismissed.

The Clerk is directed to enter judgment dismissing the complaint.