**K. Kay SHEARIN, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

**No. 93–5017.**

United States Court of Appeals,
Federal Circuit.

Nonprecedential Opinion Issued
March 25, 1993.

Precedential Opinion Issued May 11, 1993.

K. Kay Shearin, submitted pro se.

Christopher R. Yukins, Dept. of Justice, Washington, DC, submitted, for defendant-appellee.

Before NEWMAN, Circuit Judge, SMITH, Senior Circuit Judge, and SCHALL, Circuit Judge.

EDWARD S. SMITH, Senior Circuit Judge.

K. Kay Shearin appeals the order of the United States Claims Court[1] dismissing her claim.[2] We affirm.

*Issue*

Whether the Claims Court properly dismissed Shearin's claim for attorney fees under the Criminal Justice Act.

*Facts*

Ms. Shearin represented four indigent appellants in criminal proceedings before the United States Court of Appeals for the Third Circuit following her appointment by that court pursuant to the Criminal Justice Act (CJA).[3] Local court rules, promulgated under authority of the CJA, require court-appointed counsel to file a voucher for compensation together with supporting documents within 45 days after final decision of the court, or within 45 days after filing a petition for certiorari with the United States Supreme Court. It is undisputed that Shearin submitted vouchers for her services as attorney over a year after the time limit on the last case had expired. The Third Circuit denied payment on four of the vouchers submitted and authorized partial payment on the fifth.

Shearin filed suit in the Claims Court for recovery of the attorney fees, alleging jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1988). The Claims Court granted the Government's motion to dismiss for lack of jurisdiction.

*Standard of Review*

The Claims Court's decision to dismiss a complaint for lack of jurisdiction is a question of law subject to complete and independent review by this court. *See In re Sure–Snap Corp.*, 983 F.2d 1015, 1017 (11th Cir.1993) (district court's conclusion of law subject to complete and independent review); *Gould, Inc. v. United States*, 935 F.2d 1271, 1273 (Fed.Cir.1991) (*de novo* review). "Moreover,

---

1. The Claims Court has been redesignated the United States Court of Federal Claims. Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4506.

2. *Shearin v. United States*, 26 Cl.Ct. 678 (1992).

3. 18 U.S.C. § 3006A (1988).

in reviewing a dismissal for failure to state a claim, we must assume all well-pled factual allegations are true and [correct]." *Id.* at 1274 (citations omitted). We conclude that the Claims Court properly dismissed Shearin's complaint.

### Appealability of Fee Determinations Under the Criminal Justice Act

*First,* the CJA, as well as the local rules of the Third Circuit, are silent as to availability of appellate review where a circuit court has denied payment of attorney fees sought under the CJA. The courts of appeals are divided on the appealability of fee determinations under the CJA. The issue whether fee determinations under the CJA are appealable is a question of first impression for this circuit.

Several courts that have addressed the issue have held that no appellate review is available. In these decisions, the courts have reasoned that fee determination under the CJA is an administrative rather than a judicial determination and, therefore, is not an appealable order under 28 U.S.C. § 1291 (1988). *See United States v. Rodriguez,* 833 F.2d 1536, 1538 (11th Cir.1987); *United States v. Walton (In re Baker),* 693 F.2d 925 (9th Cir.1982); *United States v. Smith,* 633 F.2d 739 (7th Cir.1980), *cert. denied, Rogers v. Gordon,* 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981). *See also United States v. Davis,* 953 F.2d 1482, 1497 n. 21 (10th Cir.) (same), *cert. denied,* — U.S. —, 112 S.Ct. 2286, 119 L.Ed.2d 210 (1992); *Landano v. Rafferty,* 859 F.2d 301, 302 (3rd Cir.1988) (order denying counsel's request for retroactive appointment and waiver of maximum fee under CJA is administrative in nature and not appealable). Other courts have permitted appeals under the CJA without addressing the jurisdictional issue. *See United States v. Turner,* 584 F.2d 1389 (8th Cir. 1978) (allowed appeal where jurisdictional issue not raised); *United States v. Ketchem,* 420 F.2d 901 (4th Cir.1969) (reversed denial of expenses for court appointed defense counsel).

We agree with the line of cases that holds that fee determinations and the denial of fees under the CJA are not appealable. According to the language of the statute:

> **Filing claims.**—A separate claim for compensation and reimbursement shall be made to the district court for representation before the United States magistrate and the court, and to each appellate court before which the attorney provided representation.... The court shall fix the compensation and reimbursement to be paid to the attorney....

18 U.S.C. § 3006A(d)(4) (1988).

We agree with the Claims Court's conclusion that the court referred to in the statute as fixing compensation and reimbursement is the presiding court. *Shearin,* 26 Cl.Ct. at 679. The CJA makes no provision for appeal of such determinations. Rather, the amount of attorney fees awarded and the denial of attorney fees for failure to follow local procedural requirements are determinations left to the discretion of the presiding judge. *See Rodriguez,* 833 F.2d at 1537.

### Jurisdiction of the Court of Federal Claims

*Second,* as stated by the Claims Court: "Viewing [Shearin's] action as a claim under the Tucker Act grounded in the CJA does not add any vitality." *Shearin,* 26 Cl.Ct. at 679. The United States Supreme Court has held that a remedy furnished by statute preempts a more general remedy. *See, e.g., Brown v. General Servs. Admin.,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) (title VII of the Civil Rights Act of 1964 preempts preexisting employment discrimination remedies); *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (state prisoners may not seek redress under 42 U.S.C. § 1983 because of comprehensive remedial scheme of federal *habeas corpus* statute); *United States v. Demko,* 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966) (prison workers' compensation system preempts Federal Tort Claims Act). This principle is especially applicable where jurisdiction is founded on the Tucker Act because of concerns about sovereign immunity. *See Harris v. United States,* 841 F.2d 1097,

1100–01 (Fed.Cir.1988); *Puget Sound Power & Light Co. v. United States*, 23 Cl.Ct. 46, *appeal dismissed*, 944 F.2d 912 (Fed.Cir. 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1160, 117 L.Ed.2d 408 (1992).

Congress placed jurisdiction for review and determination of attorney fees under the CJA within the presiding tribunals. That question was determined with finality by the Third Circuit; the claim for those fees is extinguished, and there is no appeal. There being no outstanding claim for money upon which a Tucker Act proceeding may lie, the Claims Court lacked jurisdiction. Shearin cannot bring yet another claim in the Court of Federal Claims in an effort to bypass the system of review and recovery established by Congress.

*Finally,* we reject Shearin's arguments that the decision of the Claims Court should be reversed under either a quantum meruit or a Federal Tort Claims Act theory. Shearin failed to raise these issues below and is barred from raising them for the first time on appeal. *See, e.g., Sanders v. United States Postal Service*, 801 F.2d 1328, 1332 (Fed.Cir.1986); *Lizut v. Department of the Army*, 717 F.2d 1391 (Fed.Cir.1983). Moreover, Shearin cannot sustain a claim here under the Federal Tort Claims Act, 28 U.S.C. § 2671 (1988). It is well settled that the United States Court of Federal Claims lacks—and its predecessor the United States Claims Court lacked—jurisdiction to entertain tort claims. The Tucker Act expressly provides that the "United States Court of Federal Claims shall have jurisdiction ... in cases *not* sounding in tort." 28 U.S.C. § 1491(a)(1) (1988) (emphasis added), *as amended by* Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4506; *see Aetna Casualty and Surety Co. v. United States*, 655 F.2d 1047, 1059, 228 Ct.Cl. 146 (1981).

### Conclusion

Fee determination under the Criminal Justice Act is an administrative rather than judicial determination and, therefore, is not an appealable order under 28 U.S.C. § 1291. The Claims Court properly dismissed Shearin's claim for attorney fees for lack of jurisdiction.

AFFIRMED.