**Jerry L. MONTGOMERY,
Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 01–5133.**

United States Court of Appeals,
Federal Circuit.

Oct. 3, 2002.

Before MICHEL, CLEVENGER, and
PROST, Circuit Judges.

PROST, Circuit Judge.

ORDER

The United States moves for summary affirmance of the June 7, 2001 judgment of the United States Court of Federal Claims dismissing Jerry L. Montgomery's complaint for lack of jurisdiction. Montgomery opposes.

Montgomery filed a complaint seeking declaratory and injunctive relief and damages "in a eight or nine digit figure exceeding multiples of tens of thousands of dollars." The Court of Federal Claims dismissed for lack of subject matter jurisdiction:

> Plaintiff, a pro se claimant, is suing here to recover for damages allegedly suffered in connection with what he describes as "civil rights violations," specifically: his segregation in prison based on race, the garnishment of his wages, and the loss of a word processor and other items of personal property. Plaintiff additionally complains of the procedure, purportedly imposed by the Clerk of the Seventh Circuit, requiring payment of $500 before a federal court may hear any challenge to plaintiff's criminal conviction.
>
> . . .
>
> Assuming the truth of plaintiff's allegations, we nonetheless find that the injuries he describes are not ones for which this court may provide redress. This court is a court of limited jurisdiction, restricted by its jurisdictional grant (set forth at 28 U.S.C. § 1491 (1994)) to those actions that assert a right to the payment of money pursuant to the terms of the Constitution, a statute, regulation, or a contract. *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002 (Ct.Cl.1967). Plain-

tiff's unspecified claim for damages does not fit within this jurisdictional grant. Accordingly, the remedy plaintiff seeks is not available in this forum.

Summary affirmance of a case is appropriate "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists". *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir. 1994). Montgomery's complaint lists causes of action arising only from alleged torts and alleged civil rights violations. The Court of Federal claims lacks jurisdiction over tort claims. *See Shearin v. United States,* 992 F.2d 1195, 1197 (Fed.Cir. 1993); 28 U.S.C. § 1491(a)(1). Further, the Court of Federal Claims does not have jurisdiction over civil rights claims brought under the Civil Rights Act of 1964 or the United States Constitution. *See LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed. Cir.1995); *Osborn v. United States,* 47 Fed.Cl. 224, 232 (Fed.Cl.2000).

The Court of Federal Claims correctly concluded that it lacked jurisdiction. We conclude that no substantial question regarding the outcome of this appeal exists; therefore, summary affirmance is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for summary affirmance is granted.

(2) Each side shall bear its own costs.