**Tommy Lee JAMMER, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 03–5007.

United States Court of Appeals,
Federal Circuit.

DECIDED: April 2, 2003.

Before MAYER, Chief Judge, LINN and PROST, Circuit Judges.

### ORDER

LINN, Circuit Judge.

The United States moves for summary affirmance of the September 26, 2002 judgment of the United States Court of Federal Claims dismissing Tommy Lee Jammer's complaint for lack of jurisdiction. Jammer has not responded.

Jammer filed a complaint seeking damages in the amount of $20.2 million. The Court of Federal Claims dismissed for lack of subject matter jurisdiction:

[A]lthough plaintiff names the United States as one of three defendants, the source of plaintiff's alleged injuries emanate from state officials, and this court is without jurisdiction to review their conduct .... a review of plaintiff's complaint reveals that there are no facts that even remotely suggest that the United States government had any involvement whatsoever in plaintiff's arrest, incarceration, news media coverage of plaintiff's case, or trial. As such, this court lacks jurisdiction to entertain plaintiff's claim because this court's jurisdiction is limited to claims against the United States.

The Court of Federal Claims also determined that it lacked jurisdiction over Jammer's constitutional, civil rights, and tort claims.

Summary affirmance of a case is appropriate "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists". *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir. 1994). Jammer's complaint lists causes of action arising from alleged torts and alleged civil rights violations purportedly committed by Texas state authorities. The Court of Federal Claims lacks jurisdiction over claims against defendants other than the United States. *See* 28 U.S.C. § 1491(a)(1). Further, the Court of Federal Claims lacks jurisdiction over tort and civil rights claims. *See Shearin v. United States,* 992 F.2d 1195, 1197 (Fed.Cir.1993); 28 U.S.C. § 1491(a)(1); *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995); *Osborn v. United States,* 47 Fed. Cl. 224, 232 (Fed.Cl.2000).

The Court of Federal Claims correctly concluded that it lacked jurisdiction. We conclude that no substantial question regarding the outcome of this appeal exists; therefore, summary affirmance is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for summary affirmance is granted.

(2) Each side shall bear its own costs.