**Susan R. FRASIER, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5164.

United States Court of Appeals, Federal Circuit.

DECIDED: April 2, 2003.

Before MAYER, Chief Judge, LINN and PROST, Circuit Judges.

*ORDER*

LINN, Circuit Judge.

The United States moves for summary affirmance of the June 26, 2002 judgment of the United States Court of Federal Claims dismissing Susan R. Frasier's complaint for lack of jurisdiction. Frasier opposes.* The United States replies. Frasier moves (1) for recovery under the Equal Access to Justice Act, (2) for the court "open a new ruling category and precedent in deciding this case against the Federal Court of Claims," (3) for leave to file a formal record on appeal and a revised formal brief, and (4) for declaratory relief finding 28 U.S.C. § 1491 unconstitutional. The United States opposes. Frasier replies.

Frasier filed a complaint alleging that (1) various government officials had falsified or lost documents, (2) the Department of the Treasury had illegally reduced her social security payments due to the falsified documents, (3) government agencies had wrongfully deprived her of "work-relief benefits" without due process, (4) agencies were engaged in a conspiracy to defraud her, (5) she had been discriminated against with respect to veterans disability benefits, (6) the government had breached her "disability contract rights," and (7) the government had breached her "enlistment contract" with the United States Army.

---

* Frasier's motion for an extension of time to file an opposition is granted.

The Court of Federal Claims dismissed for lack of subject matter jurisdiction. The Court of Federal Claims noted that Frasier had the same or similar claims pending in a district court, thus divesting the Court of Federal Claims of jurisdiction pursuant to 28 U.S.C. § 1500. The Court of Federal Claims determined, however, that even if Frasier did not have claims pending in a district court, the Court of Federal Claims still would not have jurisdiction over her claims on other grounds.

We agree with the Court of Federal Claims' determination that 28 U.S.C. § 1500 divested it of jurisdiction because Frasier filed a complaint containing the same or similar claims in the United States District Court for the Northern District of New York on the same day she filed her complaint in the Court of Federal Claims. *See Keene v. United States*, 508 U.S. 200, 209, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *United States v. Cook County, Ill.*, 170 F.3d 1084, 1090–91 (Fed.Cir.1999). We also agree that even without the effect of 28 U.S.C. § 1500 the Court of Federal Claims lacked jurisdiction over Frasier's claims.

With respect to Frasier's claims related to falsified and lost documents, the Court of Federal Claims lacks jurisdiction over tort claims. *See Shearin v. United States*, 992 F.2d 1195, 1197 (Fed.Cir.1993); 28 U.S.C. § 1491(a)(1). With respect to Frasier's constitutional claims, we find no error in the trial court's reasoning. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995). The Court of Federal Claims also correctly noted that it does not have jurisdiction over alleged violations of criminal statutes. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed.Cir. 1994); *Campbell v. United States*, 229 Ct. Cl. 706 (1981). With respect to Frasier's allegation that the United States had breached a "disability rights contract" and an "enlistment contract" with the United States Army, the Court of Federal Claims properly determined that Frasier's complaint merely alleged that there was a "disability rights contract" but offered no proof to demonstrate the existence of a contractual relationship. With respect to the alleged "enlistment contract," Frasier concedes that any obligations to her following her initial enlistment period would be implied from her status "as a U.S. military 'Veteran' as defined under Title 38 law." Frasier appears to argue that there is a contractual relationship implied in law between the government and veterans. The Court of Federal Claims lacks jurisdiction over contracts implied in law. *See Hercules, Inc. v. United States*, 516 U.S. 417, 423, 116 S.Ct. 981, 134 L.Ed.2d 47 (1996).

Summary affirmance of a case is appropriate "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists". *Joshua*, 17 F.3d at 380. The Court of Federal Claims correctly concluded that it lacked jurisdiction. We conclude that no substantial question regarding the outcome of this appeal exists; therefore, summary affirmance is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for summary affirmance is granted.

(2) Each side shall bear its own costs.

(3) All other pending motions are moot.