NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5107

ROBERT CURTIS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Robert Curtis, of Portland, Oregon, pro se.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Bryant G. Snee, Assistant Director.

Appealed from: United States Court of Federal Claims

Senior Judge Lawrence S. Margolis

# United States Court of Appeals for the Federal Circuit

2006-5107

ROBERT CURTIS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: January 10, 2007

_____

Before BRYSON, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Robert Curtis appeals the judgment of the United States Court of Federal Claims, No. 05-CV-00770, dismissing his complaint. The court dismissed the claims sounding in tort and those directed at private parties, under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, for lack of subject matter jurisdiction. The court dismissed the remaining claim, under Rule 12(b)(6), for failure to state a legally viable breach-of-contract claim. We affirm the dismissal of all the claims other than Mr. Curtis's breach-of-contract claims. Those claims sound in tort, and the Court of Federal Claims lacks jurisdiction to hear tort claims. 28 U.S.C. § 1491(a); Shearin v. United States, 992 F.2d 1195, 1197 (Fed. Cir. 1993). We also affirm the dismissal of Mr. Curtis's breach-of-contract claims against defendants other than the United States.

Although the complaint indicates that some of the named defendants are government employees, the complaint is directed against them as individuals and the Court of Federal Claims lacks jurisdiction to entertain claims against government employees in their individual capacities, as opposed to claims against the United States.  28 U.S.C. § 1491(a); Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997).

Finally, we affirm the dismissal of Mr. Curtis's breach-of-contract claim against the United States.  Upon motion of the government, the trial court took judicial notice of its opinion in Curtis v. United States, 63 Fed. Cl. 172 (Fed. Cl. 2004), aff'd, 154 F. App'x 217 (Fed. Cir. 2005).  That opinion shows that Mr. Curtis previously sued the government for breach of the contract alleged in this action, the Cleghorn Creek Culvert Replacement contract.  The prior opinion notes that Mr. Curtis did not argue in that case that an entity other than his recently formed corporation ("New Curtis") entered into the Cleghorn contract.  Id. at 175 n.3.  The ruling in the prior case rests on the conclusion that New Curtis was the party to the Cleghorn contract and that New Curtis held any claim for breach of that contract.  Id. at 180.  Based on that ruling in the prior case, the trial court in this case held that Mr. Curtis was barred from arguing that the real party to the Cleghorn contract was a previously formed and then dissolved corporation ("Old Curtis"), an entity separate from New Curtis but with a similar name.  The court therefore rejected Mr. Curtis's argument that in light of the dissolved status of Old Curtis at the time of contracting, the right to sue on the Cleghorn contract devolved to him.

Mr. Curtis does not assign error to the trial court's exercise of judicial notice.  Nor does he take issue with the trial court's legal conclusion that the doctrine of issue preclusion is applicable to his argument that Old Curtis actually executed the contract.

See generally Masco Corp. v. United States, 303 F.3d 1316, 1329 (Fed. Cir. 2002) (explaining issue preclusion); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 708–13, 728 (3d ed. 2004) (noting that preclusion doctrines, although affirmative defenses, can support a Rule 12(b)(6) dismissal when those doctrines plainly apply to facts clear on the face of the complaint).  Instead, he simply contends that the conclusion reached in the first case—that New Curtis was the contracting party—was incorrect and that the court should recognize that Old Curtis was the true contracting party with respect to the Cleghorn contract.

Applying issue preclusion to Mr. Curtis's current contention that Old Curtis was the actual party to the contract and that the rights of Old Curtis were not resolved in the earlier case, the trial court properly held that that threshold question raised by Mr. Curtis in this case has already been resolved against him.  We therefore uphold the trial court's dismissal of the breach-of-contract claim against the United States and uphold the judgment of that court.