Heather Marie TOOHEY, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 12–301 C.

United States Court of Federal Claims.

May 17, 2012.

Heather Marie Toohey, Austin, TX, pro se.

## OPINION and ORDER

HEWITT, Chief Judge.

Before the court is plaintiff's Complaint (Complaint or Compl.), Docket Number (Dkt. No.) 1, filed May 9, 2012.[1] Pro se plaintiff Heather Marie Toohey alleges that "[u]nder the Federal Tort Claims Act (FTCA) statute 28 U.S.C. [§§ ] 1346(b), 2671–2680, the United States was negligent [in] spraying improperly stored Malathion during business hours from a helicopter in a commercial area over my former place of employment in Tampa, FL." Compl. ¶ 1. Plaintiff claims that as a result of the government's negligence, see id., she has "had chronic infections since 1997 and more than one thousand skin scars and infected skin lesions, documented high blood pressure and hypertension, anxiety and chronic fatigue," id. ¶ 4. Plaintiff seeks "a judgment against the United States ... for one million dollars to cover medical expenses, lost wages and loans." Id. ¶ 6.

For the following reasons, the court DISMISSES, sua sponte, plaintiff's Complaint pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC) for lack of subject matter jurisdiction and transfers this action to the United States District Court for the Western District of Texas (Western District of Texas).

1. Plaintiff also submitted an Application to Proceed In Forma Pauperis (IFP Application), Docket Number (Dkt. No.) 2, filed May 9, 2012. For the limited purpose of addressing the court's jurisdiction, plaintiff's IFP Application is GRANTED. Accordingly, the Office of the Clerk of Court is directed to file the Complaint with no filing fee.

## I. Legal Standards

### A. Dismissal for Lack of Subject Matter Jurisdiction

■ "Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed.Cir.2004); *see also Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1369 (Fed. Cir.2004) ("Subject matter jurisdiction is an inquiry that this court must raise sua *sponte*, even where, as here, neither party has raised this issue."). "In deciding whether there is subject-matter jurisdiction, 'the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings.'" *Folden*, 379 F.3d at 1354 (quoting *Shearin v. United States*, 992 F.2d 1195, 1195–96 (Fed.Cir.1993)). Although complaints filed by pro se plaintiffs are generally held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), pro se plaintiffs nevertheless must meet jurisdictional requirements, *Bernard v. United States*, 59 Fed.Cl. 497, 499, *aff'd*, 98 Fed.Appx. 860 (Fed.Cir.2004) (unpublished); *see also Kelley v. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed.Cir.1987) ("[A] court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only."). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

The Tucker Act provides that this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The Tucker Act provides the waiver of sovereign immunity necessary for a plaintiff to sue the United States for money damages. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Accordingly, the Tucker Act provides the court with jurisdiction over suits "against the United States." 28 U.S.C. § 1491(a)(1). However, the Tucker Act does not confer any substantive rights upon a plaintiff. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). A plaintiff must establish an independent substantive right to money damages from the United States, that is, a money-mandating source within a contract, regulation, statute or constitutional provision itself, in order for the case to proceed. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1306 (Fed.Cir.2008).

### B. Transfer for Lack of Subject Matter Jurisdiction

Under 28 U.S.C. § 1631, a federal court may transfer a case to another federal court when (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been brought in the transferee court at the time it was filed; and (3) such a transfer is in the interest of justice. 28 U.S.C. § 1631; *see also Rodriguez v. United States*, 862 F.2d 1558, 1559–60 (Fed.Cir.1988) (citing *Town of N. Bonneville, Wash. v. U.S. District Court*, 732 F.2d 747, 750 (9th Cir.1984)).

## II. Discussion

For the following reasons, plaintiff's Complaint is dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(h)(3) and transferred to the Western District of Texas.

### A. The Court Lacks Jurisdiction Over Tort Claims

■ Plaintiff states that she is entitled to relief under the FTCA, arguing that "the United States was negligent [in] spraying improperly stored Malathion during business hours from a helicopter in a commercial area over my former place of employment in Tampa, FL." Compl. ¶ 1.

The United States District Courts have exclusive jurisdiction to hear claims brought against the United States under the FTCA. 28 U.S.C. § 1346(b)(1); *Treece v. United States*, 96 Fed.Cl. 226, 232 n. 8 (2010). Therefore, to the extent that plaintiff states a claim under the Federal Tort Claims Act, that claim is dismissed for lack of subject matter jurisdiction.

99

Insofar as plaintiff's Complaint alleges that civil wrongs have been committed against her by the United States outside the context of the FTCA, these tort claims are also beyond the jurisdiction of the court. The Tucker Act specifically excludes tort claims from the court's jurisdiction. 28 U.S.C. § 1491(a)(1) (specifying that the United States Court of Federal Claims shall have jurisdiction over certain claims against the United States for "liquidated or unliquidated damages in cases not sounding in tort"); *see also Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.1997).

**B. Transfer of Plaintiff's Claims Is Appropriate**

Although not requested to do so by plaintiff, the court considers sua sponte whether "it is in the interest of justice" to transfer plaintiff's Complaint to another court under 28 U.S.C. § 1631. *See Tex. Peanut Farmers v. United States,* 409 F.3d 1370, 1374–75 (Fed.Cir.2005) (stating that the United States Court of Federal Claims should have considered whether transfer was appropriate once the court determined that it lacked jurisdiction and noting that the court may "order[ ] transfer without being asked to do so by either party"). The court considers transfer in this case because plaintiff is proceeding pro se, *see Skillo v. United States,* 68 Fed.Cl. 734, 743 n. 15 (2005) ("Although plaintiffs have not requested a transfer, because they are proceeding pro se, the court addresses the possibility."), and because the transfer statute language "persuasively indicates that transfer, rather than dismissal, is the option of choice," *Britell v. United States,* 318 F.3d 70, 73 (1st Cir.2003).

Because transfer is the option of choice, *id.,* and because plaintiff's Complaint—while informally presented—appears to contain claims cognizable in federal district court, the Clerk of Court shall TRANSFER this action to the United States District Court for the Western District of Texas.

**III. Conclusion**

For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's claims and TRANSFERS this action to the Western District of Texas. No costs.

IT IS SO ORDERED.