NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KARL ROBERT IRWIN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2014-5079

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00839-SGB, Judge Susan G. Braden.

---

Decided: August 7, 2015

---

KARL ROBERT IRWIN, Oxford, WI pro se.

SEAN MCNAMARA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by STUART F. DELERY, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Karl Irwin appeals from the final order of the United States Court of Federal Claims ("Court of Federal Claims") dismissing his suit for filing his Fifth Amendment claim outside of the relevant statute of limitations, and for lack of jurisdiction over his remaining claims. *Irwin v. United States*, No. 13-839, 2014 WL 1256361 (Fed. Cl. Mar. 21, 2014) ("*Final Order*"). Because we find that the Court of Federal Claims properly dismissed Irwin's claims, we *affirm*.

## I. BACKGROUND

Irwin filed a complaint at the Court of Federal Claims on October 28, 2013. In his complaint, Irwin alleges that, in November 2004, the federal government seized $14,977 in cash and a 1998 Ford pickup truck, valued at $11,125, from him when he was arrested. Although the government arrested Irwin on drug charges, the money and the truck were labeled as "non-drug evidence." Resp't App'x 2–3. Irwin asserted that the forfeiture of the cash and the truck amounted to a seizure of his personal property without just compensation, which was a violation of his Fifth Amendment rights. Irwin also contended that: (1) the seizure violated 21 U.S.C. § 881; (2) the seizure violated the Due Process Clause; (3) applying the statute of limitations to bar his claim would be a substantive due process violation; and (4) he is entitled to damages under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Irwin sought $322,240 in compensatory damages and $2,000,000 in punitive damages.

On March 21, 2014, the Court of Federal Claims granted the government's motion to dismiss for lack of jurisdiction. Because Irwin filed this complaint more than eight years after the government notified him of the forfeiture, the court found that Irwin's claims were barred by the six-year statute of limitations in 28 U.S.C. § 2501 (2012). *Final Order*, 2014 WL 1256361, at *3. The Court

of Federal Claims explained that the statute of limitations does not run afoul of a constitutional protection. *Id.* According to the court, moreover, it did not have jurisdiction to consider the rest of Irwin's claims because the Due Process Clause is not a money-mandating provision, only United States district courts have jurisdiction over claims alleging a violation of 21 U.S.C. § 881, and the Court of Federal Claims does not have jurisdiction to adjudicate a *Bivens* claim. *Id.* at *4.

## II. DISCUSSION

"Whether the Court of Federal Claims properly dismissed [a plaintiff's] [] complaint for lack of subject-matter jurisdiction is a question of law that we review de novo." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). In determining whether the Court of Federal Claims possessed subject matter jurisdiction, "the allegations stated are taken as true and jurisdiction is decided on the face of the pleadings." *Shearin v. United States*, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993).

On appeal, Irwin acknowledges that some of his claims are not within the general jurisdiction of the Court of Federal Claims and does not appeal the dismissal of those claims. Appellant's Reply Br. 1. Instead, Irwin argues that Congress should not have the authority to enact a statute to limit just compensation due under the Constitution. Irwin contends that the Constitution is the highest law of the United States, and Congress was not delegated with the authority to alter or limit the requirement that government must pay just compensation for a taking under the Fifth Amendment.

Irwin thus argues that a congressionally created statute of limitations for takings claims against the government violates his constitutional right to just compensation. The Supreme Court, however, has already held that "[a] constitutional claim can become time-barred just as any other claim can. Nothing in the Constitution

requires otherwise." *Block v. North Dakota*, 461 U.S. 273, 292 (1983). Based on this holding, we determined that, just like any other right, a plaintiff's right to just compensation under the Fifth Amendment is not absolute. *Hair v. United States*, 350 F.3d 1253, 1260 (Fed. Cir. 2003) ("The remedy afforded by the Fifth Amendment is subject to a reasonable time bar designed to protect other important societal values."). Accordingly, we have already decided that the statute of limitations can bar a claim for just compensation under the Fifth Amendment and we are bound by that decision. Because Irwin does not challenge the Court of Federal Claims's finding that his complaint was brought outside the six-year statute of limitations, we affirm the dismissal of his complaint.

## III. CONCLUSION

For the foregoing reasons, we affirm the decision of the Court of Federal Claims.

## AFFIRMED