NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH CHAMPION,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5027

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00955-MBH, Judge Marian Blank Horn.

---

Decided: September 11, 2015

---

JOSEPH CHAMPION, Westwood, CA, pro se.

ERIN MURDOCK-PARK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DONALD E. KINNER.

---

Before PROST, *Chief Judge,* NEWMAN and CHEN, *Circuit Judges.*

PER CURIAM.

Appellant Joseph Champion appeals from a United States Court of Federal Claims decision dismissing his complaint for lack of jurisdiction. Because we agree that the Court of Federal Claims does not have jurisdiction over Mr. Champion's tort claims, we affirm.

Mr. Champion filed this case in the Court of Federal Claims on October 6, 2014. In his complaint, Mr. Champion alleges that on December 30, 2012, he went to the Westwood, California United States Postal Office to collect his mail. When he entered the building, Mr. Champion slipped on snow melt, fell, and struck his head and shoulder. Mr. Champion alleges that he sustained injuries from the fall, including a leg infection and shoulder and neck pain. The complaint seeks damages from the United States to compensate for the alleged injuries, medical expenses, and loss of quality of life. Mr. Champion also asks for a permanent injunction against the government for violation of the Americans with Disabilities Act.

The Court of Federal Claims, however, does not have authority to decide the merits of Mr. Champion's claim or to award the relief he seeks. The Tucker Act, a statute passed by Congress, establishes the scope of the Court of Federal Claims' jurisdiction to hear claims against the United States. The relevant portion of the Act provides that

> [t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or up-

on any express or implied contract with the United States, *or for liquidated or unliquidated damages in cases not sounding in tort.*

28 U.S.C. § 1491 (emphasis added). As the emphasis demonstrates, and as we have previously held, "[i]t is well settled that the United States Court of Federal Claims lacks . . . jurisdiction to entertain tort claims." *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993). Here, Mr. Champion's claim sounds in tort because it alleges that the United States was negligent in failing to take precautions against accidents like Mr. Champion's. The Tucker Act explicitly states that the Court of Federal Claims cannot hear such claims, so the Court of Federal Claims properly dismissed Mr. Champion's damages claims for lack of jurisdiction. Similarly, the Court of Federal Claims does not have authority to grant Mr. Champion's requested injunction, so the Court of Federal Claims properly dismissed that claim as well. *See Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998).

As to Mr. Champion's arguments that the Court of Federal Claims ignored the Americans with Disabilities Act (ADA) and Occupational Safety and Health Administration (OSHA) laws, the Court of Federal Claims did not make a decision on the merits of Mr. Champion's claim. The Court of Federal Claims lacks the power to adjudicate his claim, so the law forbids the Court of Federal Claims from deciding the merits of Mr. Champion's claim.

## AFFIRMED

### COSTS

Each party shall bear their own costs.