NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES E. UTLEY,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2020-1078

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00796-MBH, Senior Judge Marian Blank Horn.

---

Decided:  July 8, 2020

---

CHARLES E. UTLEY, Greenbelt, MD, pro se.

JIMMY MCBIRNEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by JOSEPH H. HUNT, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.

---

Before PROST, *Chief Judge,* CLEVENGER and STOLL, *Circuit Judges.*

PER CURIAM.

Charles Utley appeals from the final decision of the United States Court of Federal Claims dismissing his complaint for lack of subject-matter jurisdiction. Because we agree that the Court of Federal Claims lacks jurisdiction to hear his complaint, we affirm.

Mr. Utley is an Air Force veteran and a Department of Veterans Affairs (VA) healthcare enrollee. In April 2016, medical professionals at the Washington, DC VA Medical Center (VAMC) examined Mr. Utley for severe headaches. The next month, the VAMC administered brain magnetic resonance imaging to Mr. Utley that revealed a mass in his brain. Mr. Utley alleges that the VAMC did not inform him of the mass until September 2017. He had surgery to remove the mass in December 2017.

In May 2019, Mr. Utley filed a complaint in the Court of Federal Claims alleging personal injury based on the conduct of VAMC medical professionals. According to the trial court, Mr. Utley's complaint seeks compensation for "mental, emotional, physical and economic stress" due to the VAMC medical professionals' alleged "'[f]ailure to diagnose an unrelated disease,' '[d]elayed diagnosis,' '[m]edical [m]alpractice [b]ased on [d]iagnostic [e]rrors,' '[h]uman error,' and '[m]isdiagnosis/[d]elayed [d]iagnoses.'" *Utley v. United States*, 144 Fed. Cl. 573, 574 (2019) (brackets in original).

The Government moved to dismiss Mr. Utley's complaint for lack of subject-matter jurisdiction. The Court of Federal Claims granted the Government's motion, holding that because all of Mr. Utley's stated allegations and claims sound in tort, they must be dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 1491. Mr. Utley

appeals.    We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

We review de novo the Court of Federal Claims' dismissal of a complaint for lack of subject-matter jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (citing *Shearin v. United States*, 992 F.2d 1195 (Fed. Cir. 1993)).  Mr. Utley bears the burden of showing proper jurisdiction in the Court of Federal Claims by a preponderance of the evidence.  *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)).  Under the Tucker Act, the Court of Federal Claims has limited jurisdiction to hear certain claims against the Government.  28 U.S.C. § 1491(a)(1). The Tucker Act expressly excludes tort claims against the Government from the Court of Federal Claims' jurisdiction. *Id.* ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.").

Mr. Utley has not identified any section of the Constitution or any statute or regulation that would entitle him to recover damages under the Tucker Act based on the facts he alleges.  On appeal, Mr. Utley agrees that his complaint states claims for medical malpractice and negligence.  Medical malpractice and negligence are claims sounding in tort over which the Court of Federal Claims lacks jurisdiction. *See id.*; *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (collecting cases) ("A claim for professional negligence is a tort claim.").  Because the Court of Federal Claims does not have jurisdiction to hear such claims, it would seem that this case should have been filed in district court, not the Court of Federal Claims.

Mr. Utley also appears to argue that the trial court erred in dismissing his complaint because he alleged facts sufficient to support criminal charges against VAMC medical professionals for falsifying medical records. But "the role of the judiciary in . . . enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to" the Court of Federal Claims. *Kania v. United States*, 227 Ct. Cl. 458, 465 (1981). Accordingly, to the extent Mr. Utley alleges injury due to criminal activity, the Court of Federal Claims still lacks jurisdiction over his claim.

We have considered Mr. Utley's remaining arguments and do not find them persuasive. For the above reasons, we conclude the Court of Federal Claims did not err in dismissing Mr. Utley's complaint for lack of subject-matter jurisdiction.

## AFFIRMED

### COSTS

No costs.