NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALPHONSO V. FRAZIER, II,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1407

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-02266-MMS, Senior Judge Margaret M. Sweeney.

---

Decided:  April 7, 2023

---

ALPHONSO V. FRAZIER, II, Omaha, NE, pro se.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

PHYLLIS M. KNIGHT, Wichita, KS, as amicus curiae, pro se.

FRAZIER v. US

_____

PER CURIAM.

Alphonso V. Frazier II appeals from the dismissal of his complaint by the Court of Federal Claims ("Claims Court"). Because the Claims Court properly determined that it lacked subject matter jurisdiction over Mr. Frazier's claims, we affirm.

## BACKGROUND

Mr. Frazier previously filed a complaint in the U.S. District Court for the District of Nebraska to remove a state criminal case to federal court. The district court dismissed Mr. Frazier's complaint, and the Eighth Circuit affirmed. S.A. 1.[1] Mr. Frazier also filed a "Notice of Constitutional Question" related to that complaint in the district court. S.A. 2.

Mr. Frazier then filed the complaint at issue in this case. At the Claims Court, Mr. Frazier alleged that the clerk of the district court violated 28 U.S.C. §§ 951 and 2403, the Federal Rules of Civil Procedure, and the Due Process Clauses of the Fifth and Fourteenth Amendments when the clerk failed to "certify" the constitutional question from his notice to the U.S. Attorney General. S.A. 2, 4. Mr. Frazier asserted that the Claims Court had jurisdiction over these claims under the Tucker Act. S.A. 3. The Claims Court dismissed Mr. Frazier's complaint for lack of subject matter jurisdiction since none of Mr. Frazier's claims arose from money-mandating provisions, which Tucker Act jurisdiction requires. S.A. 3.

_____

[1] We cite to the supplemental appendix attached to appellee's brief as "S.A."

Mr. Frazier appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's dismissal for lack of subject matter jurisdiction without deference. *Shearin v. United States*, 992 F.2d 1195, 1195 (Fed. Cir. 1993). For the Claims Court to have subject matter jurisdiction under the Tucker Act, Mr. Frazier needed to "demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the federal government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (cleaned up); *see* 28 U.S.C. § 1491(a)(1).

As the Claims Court correctly noted, none of the sources of law that Mr. Frazier relies on for his claims are money-mandating. Section 951 requires clerks of court to take an oath; it does not mandate any payment by the federal government. *Id.* § 951. Likewise, section 2403 does not contain a money-mandating provision; it allows federal and state governments to intervene in actions affecting federal or state statutes. *Id.* § 2403. The Federal Rules of Civil Procedure also do not require compensation by the federal government. *See Bobka v. United States*, 133 Fed. Cl. 405, 411–12 (2017). And we have previously held that the Due Process Clauses of the U.S. Constitution are not money-mandating. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

Since the sources of Mr. Frazier's claims are not money-mandating, the Claims Court properly concluded that it lacked subject matter jurisdiction over those claims under the Tucker Act and dismissed the complaint.

## CONCLUSION

We have considered Mr. Frazier's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## AFFIRMED

COSTS

No costs.