NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CEDRIC GREENE,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1994

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01711-SSS, Judge Stephen S. Schwartz.

---

Decided:  November 9, 2023

---

CEDRIC GREENE, Los Angeles, CA, pro se.

KELLY GEDDES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before TARANTO, CLEVENGER, and STOLL, *Circuit Judges.*

PER CURIAM.

Cedric Greene brought this action against the United States in the Court of Federal Claims (Claims Court), seeking recovery for wrongs he alleged had been committed by the United States District Court for the Northern District of California. The Claims Court dismissed the action for lack of subject-matter jurisdiction. *Greene v. United States*, No. 22-1711, 2023 WL 3454821 (Fed. Cl. May 15, 2023) (*Decision*). We affirm.

In his November 2022 complaint, Mr. Greene presented what he called claims of "negligence" by the district court in the Northern District of California. SAppx. 4–6.[1] Mr. Greene based his claims on two factual allegations: (1) that the district court signed him up for email notifications related to his case in that court without his consent and (2) that he never received "by mail" a report and recommendation issued by a magistrate judge in his case. SAppx. 4–5.

The Claims Court dismissed Mr. Greene's case, concluding that it lacked subject-matter jurisdiction for two reasons. *Decision*, at *1–2. First, the Claims Court reasoned that it did "not have jurisdiction to review the decisions of district courts," noting that any review of the challenged actions of the California district court must be "in the United States Court of Appeals for the Ninth Circuit." *Id.* at *1. Second, the Claims Court said that because Mr. Greene characterized "the district court's alleged misconduct as 'negligence,'" his claims sounded in tort, placing them "outside [the Claims Court's] jurisdiction." *Id.* at *2 (citing 28 U.S.C. § 1491(a)(1) (granting the Claims Court jurisdiction "in cases *not* sounding in tort" (emphasis added))).

---

[1]    "SAppx." refers to the supplemental appendix filed by the United States in this court with its brief as appellee.

Mr. Greene timely appealed the dismissal of his case. We have jurisdiction to hear the appeal under 28 U.S.C. § 1295(a)(3).

We affirm the Claims Court's dismissal. On appeal, Mr. Greene expressly states that he does not challenge the Claims Court's dispositive holding that it lacked subject-matter jurisdiction because his claims depend on review of a district court's actions. *See Appellant Informal Br.* at 1 ("The [Claims Court] found that the claims were beyond the scope of [its] authority. We won't dispute the [Claims] Court's power in terms of its authority."); *Appellant Informal Reply Br.* at 1 ("As the Appellee[] stated in [its] brief, the [Claims Court] doesn't have jurisdiction to review actions of a District Court."). And Mr. Greene does not challenge the Claims Court's determination that his complaint sounds in tort. *See id.* (stating that the district court's conduct "rose to the level of a tort"); *id.* at 2 (stating that the district court "committ[ed] tort acts").

Moreover, we see no error in the Claims Court's dismissal of Mr. Greene's complaint. We review jurisdictional issues without deference, and the burden of establishing jurisdiction at the Claims Court rested with Mr. Greene. *See Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998). The Claims Court correctly held that it did not have subject-matter jurisdiction over Mr. Greene's claims because it does not have the authority to review the district court conduct that Mr. Greene challenges. *See, e.g.*, *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."). And the Claims Court also correctly held that it did not have subject-matter jurisdiction over Mr. Greene's claims because it does not have the statutory authority to adjudicate tort claims. *See* 28 U.S.C. § 1491(a)(1) (quoted above); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993) ("It is well settled that the United

States Court of Federal Claims lacks . . . jurisdiction to entertain tort claims.").

For those reasons, we affirm the Claims Court's judgment dismissing Mr. Greene's complaint.

The parties shall bear their own costs.

**AFFIRMED**