NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT AJAMIAN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5063

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00041-PEC, Chief Judge Patricia E. Campbell-Smith.

---

Decided: July 14, 2015

---

ROBERT AJAMIAN, Latham, NY, pro se.

MARK E. PORADA, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DONALD E. KINNER.

---

Before O'MALLEY, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM.

Robert Ajamian appeals from the final order of the United States Court of Federal Claims ("Court of Federal Claims") dismissing his suit for lack of jurisdiction. *Ajamian v. United States*, No. 15-41C, 2015 WL 739955 (Fed. Cl. Feb. 20, 2015) ("*Final Order*"). Because we find that the Court of Federal Claims properly dismissed Ajamian's claims for lack of jurisdiction, we *affirm*.

## I. BACKGROUND

The basis of Ajamian's lawsuit is his assertion that the lawyers for his father's estate failed to pursue a medical malpractice claim on his father's behalf against a doctor in private practice in the state of New York. Ajamian has already litigated these issues in New York state and federal courts. *See Ajamian v. New York*, No. 13-cv-1316, 2014 WL 3928448 (N.D.N.Y. Aug. 11, 2014). After both courts dismissed his claims and those dismissals were affirmed on appeal, Ajamian filed the present suit in the Court of Federal Claims seeking a writ of prohibition and $42 million in damages for alleged violations of both his constitutional rights and 28 U.S.C. § 1331 by the New York state and federal courts.

The Court of Federal Claims dismissed Ajamian's suit, explaining that it did not have jurisdiction over his claims. Because it did not possess appellate jurisdiction over the New York state and federal courts that denied Ajamian's initial claims, the Court of Federal Claims explained that it did not have jurisdiction to issue a writ of prohibition against those courts. *Final Order*, 2015 WL 739955, at *3. Regarding his claims for monetary damages, the Court of Federal Claims explained that it only had jurisdiction over claims against the United States, not those against government officials or states. To the extent Ajamian raised a claim arising under 42 U.S.C. § 1983 against the United States, moreover, the Court of Federal Claims reasoned that United States district

courts had exclusive jurisdiction over his claim. *Id.* at *3–4. Finally, the Court of Federal Claims found that transfer of the case to another court would not be appropriate because a United States district court already had ruled on his claims. *Id.* at *5.

Ajamian filed a motion for reconsideration, but the court denied his motion, explaining that his attempts to reframe his claims under 28 U.S.C. § 1331 were unsuccessful because the Court of Federal Claims still did not have jurisdiction. *Ajamian v. United States*, No. 15-41C, slip op. at 2 (Fed. Cl. Mar. 10, 2015). Ajamian timely appealed to this court.

## II. DISCUSSION

"Whether the Court of Federal Claims properly dismissed [a plaintiff's] amended complaint for lack of subject-matter jurisdiction is a question of law that we review de novo." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). In determining whether the Court of Federal Claims possessed subject matter jurisdiction, "the allegations stated are taken as true and jurisdiction is decided on the face of the pleadings." *Shearin v. United States*, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993).

On appeal, Ajamian argues that the Court of Federal Claims "[f]ailed to take into account [his] constitutional rights" and violated his right to due process. Appellant's Br. 1. He contends that the Court of Federal Claims misapplied the Constitution, 28 U.S. Code § 1331, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Appellant's Br. 1. Ajamian also supplemented his appeal with a separate filing, in which he argued that his case should not be dismissed without a trial. Appellant's April 17 Filing at 1–2.

We understand that Ajamian feels that his family has been wronged and wants his claims to be heard. The

Court of Federal Claims properly dismissed his case for lack of jurisdiction, however. The jurisdiction of the Court of Federal Claims is limited by the Tucker Act to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases sounding in tort." 28 U.S.C. § 1491(a)(1). To the extent Ajamian's claims seek relief against the state or federal judges individually, the state of New York, or the private attorneys who handled his father's estate, the Court of Federal Claims did not have jurisdiction to address his claims. "The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)); *id.* ("*Bivens* actions . . . lie outside the jurisdiction of the Court of Federal Claims.").

Furthermore, to the extent that Ajamian asserts claims against the United States, rather than individual federal or state officials, the Court of Federal Claims still lacked jurisdiction over those claims. Ajamian references 42 U.S.C. § 1983 and 28 U.S.C. § 1331 in his pleadings as the possible bases for his claims, but United States district courts have original jurisdiction over claims arising under those statutes. *See* 28 U.S.C. § 1343(a) ("*The district court* shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . . (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights." (emphasis added)); *id.* § 1331 ("The *district courts* shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." (emphasis added)). Because "[t]he Court of Federal Claims is not a district court of the United States," *Ledford v. United States*, 297 F.3d 1378,

1382 (Fed. Cir. 2002), it does not have jurisdiction to consider Ajamian's claims under those statutes. Ajamian also references alleged violations of the Constitution and "due process of law," but that is insufficient to establish jurisdiction in the Court of Federal Claims because those claims do not mandate the payment of money. *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act.").

We have considered Ajamian's remaining arguments—including those in his post-briefing filings—and find them unpersuasive on the issue of the Court of Federal Claims's jurisdiction.

## III. CONCLUSION

For the foregoing reasons, we affirm the Court of Federal Claims's dismissal of Ajamian's claims for lack of subject matter jurisdiction.

**AFFIRMED**