NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VALENTINA PULNIKOVA,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-2299

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01664-KCD, Judge Kathryn C. Davis.

---

Decided:  August 9, 2024

---

VALENTINA PULNIKOVA, Villingen-Schwenningen, Germany, pro se.

KAVYASRI NAGUMOTU, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by SCOTT DAVID BOLDEN, BRIAN M. BOYNTON, CONRAD JOSEPH DEWITTE, JR.

---

Before PROST, CLEVENGER, and STARK, *Circuit Judges*.

PER CURIAM.

Plaintiff Valentina Pulnikova, proceeding pro se, appeals from an order of the Court of Federal Claims dismissing her complaint against the United States and the United States Patent and Trademark Office ("PTO"). Dr. Pulnikova alleges various falsifications in connection with the processing of her patent applications, contending these amount to violations of her rights under 42 U.S.C. § 1983. The trial court granted the government's motion to dismiss for lack of subject-matter jurisdiction, based on its conclusion that the court did not have jurisdiction over § 1983 actions or other allegations sounding in tort. On appeal, Dr. Pulnikova contends that the Court of Federal Claims committed several procedural errors, that an implied contract existed between her and the PTO, that her tort claims arise from breach of that contract, and that the court does have jurisdiction over § 1983 claims. We agree with the Court of Federal Claims that it lacked subject-matter jurisdiction and, accordingly, affirm its dismissal of Dr. Pulnikova's complaint.

I

Dr. Pulnikova is the named inventor on four issued U.S. patents. According to Dr. Pulnikova's complaint, obtaining these patents took more than 12 years. During prosecution, examiners issued several office actions, all of which Dr. Pulnikova responded to and some of which she appealed. Dr. Pulnikova alleges that various individuals at the PTO "falsif[ied] the examination of [her] inventions under cover of legal authority" and thereby "violated US patent law." S. App'x 1015.[1] She further contends that she suffered emotional distress as a consequence. The

---

[1]    References to S. App'x refer to the Supplemental Appendix submitted by the government.

complaint expressly states that her claims arise under 42 U.S.C. § 1983.

The government filed a motion to dismiss Dr. Pulnikova's complaint pursuant to Rule of the Court of Federal Claims 12(b)(1), contending that the trial court lacked subject-matter jurisdiction because her claims arise under § 1983 and other claims sound in tort. Dr. Pulnikova responded that the court does have jurisdiction over § 1983 claims but, in any event, what the government construed as tort claims were actually contract claims. The Court of Federal Claims concluded it was well-settled that it lacked jurisdiction over § 1983 claims and tort claims, and that Dr. Pulnikova failed to make a non-frivolous allegation of the existence of a contract between herself and the PTO. Thus, the court granted the government's motion and dismissed the complaint.

Dr. Pulnikova filed a timely appeal, over which we have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review the Court of Federal Claims' dismissal of a complaint for lack of subject-matter jurisdiction de novo. *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

## III

Dr. Pulnikova insists, as she did in the trial court, that the Court of Federal Claims has jurisdiction over her § 1983 claims. She is incorrect, as we have explained on prior occasions. *See, e.g., Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019); *Ajamian v. United States*, 609 F. App'x 652, 654 (Fed. Cir. 2015). Nor does the Court of Federal Claims have jurisdiction over her claims sounding in tort. *See Brown v. United States*, 105 F.3d 621, 623

(Fed. Cir. 1997); 28 U.S.C. § 1491(a)(1). As such, the Court of Federal Claims correctly determined that it lacked jurisdiction.

Dr. Pulnikova contends that, in any event, her claims are actually breach-of-contract claims, over which the Court of Federal Claims has subject matter jurisdiction even if it lacks jurisdiction over § 1983 claims. Tucker Act "jurisdiction extends only to contracts either express or implied in fact, and not to claims on contracts implied in law." *Hercules, Inc. v. United States*, 516 U.S. 417, 423 (1996). But Dr. Pulnikova fails to make a non-frivolous allegation of the existence of any contract between herself and the PTO, express or implied. Instead, as the Court of Federal Claims correctly found, Dr. Pulnikova at most made a conclusory, frivolous allegation of an "agreement" with the PTO to examine her applications. S. App'x 1015-16. She asserts nothing more than "a mutual desire to carry out an examination of my inventions," in the normal and ordinary course of PTO operations. Opening Br. at 9. Dr. Pulnikova cites no authority for the extraordinary proposition that one's interest in the government operating in compliance with its statutory, regulatory, and other legal obligations creates a contract with the government, giving rise to Tucker Act jurisdiction in the Court of Federal Claims, and we are aware of none.

Finally, Pulnikova does not show any harmful error in how the Court of Federal Claims handled her complaint. As the government points out, the trial court actually accepted and considered all of the documents she submitted. None of them transformed, or could have transformed, her claims into different causes of action over which the Court of Federal Claims would have had subject-matter jurisdiction.

## IV

We have considered Dr. Pulnikova's other arguments and find them unpersuasive. Accordingly, we affirm the

Court of Federal Claims' order dismissing Dr. Pulnikova's complaint.

**AFFIRMED**

COSTS

No costs.